UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY MAYS,                              :

    **Petitioner**                          :
                                                        CIVIL ACTION NO. 3:14-0827

   v.                                         :
                                                        (Judge Mannion)

DAVID PITKINS, Superintendent,   :
et al.,

    **Respondents**                        :

## MEMORANDUM

Petitioner, Jeffrey Mays, an inmate confined in the Benner State Correctional Institution, Bellefonte, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks a conviction imposed by the Court of Common Pleas for Dauphin County, Pennsylvania. (Doc. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will dismiss the petition as untimely. See 28 U.S.C. §2244(d).

I.    **Background**

Following a jury trial on October 20, 2006, Petitioner was found guilty in the Court of Common Pleas of Dauphin County, of criminal homicide, criminal conspiracy to commit murder and recklessly endangering another person.

(See Doc. 11-2, Docket Sheet for Case No. CP-22-CR-0004218-2005). On the same date, Mays was sentenced to an aggregate sentence of sixteen (16) to forty-two (42) years imprisonment. Id.

On October 23, 2006, Mays' trial counsel filed a Motion for Modification of Sentence and filed a Post-Sentence Motion on October 27, 2006. Id.

On November 1, 2006, the Court of Common Pleas denied Mays' Motion for Modification of Sentence and, on March 23, 2007, denied his Post-Sentence Motion. Id.

On March 23, 2007, Mays filed a timely Notice of Appeal of his judgment of sentence to the Pennsylvania Superior Court. (See Doc. 11-3, Superior Court of Pennsylvania Docket Number 517-MDA-2007).

On December 3, 2007, the Superior Court of Pennsylvania affirmed Mays' judgment of sentence. Id.

Mays did not file for allowance of appeal to the Pennsylvania Supreme Court. Id.

On March 3, 2010, Petitioner filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§9541 et seq. (Doc. 11-4, PCRA motion). Petitioner claimed that the Commonwealth lacked the requisite elements to support a charge of third-degree murder and

that trial counsel was ineffective in not raising such a claim. (Doc. 11-7). Counsel was appointed, and on October 6, 2010, appointed counsel filed a petition to withdraw as counsel. (Doc. 11-2). On October 27, 2010, the PCRA court filed a Notice of Intent to Dismiss the PCRA petition and grant the petition to withdraw. Id. On December 8, 2010, the PCRA court dismissed Mays' PCRA petition and granted Attorney McShane's petition to withdraw as counsel. Id.

On March 18, 2011, Mays filed a second PCRA motion. Id. By Notice filed July 8, 2011, the PCRA court notified Mays of its intention to dismiss the petition within twenty days as meritless. Id. By Order dated May 2, 2012, the PCRA court dismissed Mays' second PCRA petition. (See Doc. 11-2, Docket Sheet for Case No. CP-22-CR-0004218-2005). No appeal to the Pennsylvania Superior Court was filed. Id.

On April 29, 2014, Petitioner filed the instant petition for writ of habeas corpus in which he raises claims of ineffective assistance of trial counsel and PCRA counsel, as well as a claim of prosecutorial misconduct, newly discovered facts and illegal sentence. (Doc. 1, petition). Respondents filed a partial response to the petition on November 14, 2014, (Doc. 11), arguing that the petition should be dismissed as untimely. Petitioner filed a traverse on

December 1, 2014. (Doc. 13).

## II.     Discussion

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period

within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek

discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

    A.    **<u>Statutory Tolling</u>**

In this case, because Petitioner did not file a petition for allowance of

appeal with the Pennsylvania Supreme Court, his conviction became final on January 2, 2008, or thirty (30) days after the Pennsylvania Superior Court affirmed Petitioner's conviction and sentence. See 42 Pa.C.S.A. §9545(b)(3); Pa.R.App.P. 903; Pa.R.Crim.P. 720(a)(3). Thus, the clock for filing a federal habeas petition began running, and Mays had until January 2, 2009 to file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). The instant petition was not filed until April 29, 2014, more than six years after the limitations period expired. As such, the petition for habeas corpus relief under §2254 appears to be barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

As noted above, the one-year statute of limitations is tolled during the time Petitioner had pending in state courts a properly filed PCRA petition. Petitioner filed his first PCRA petition on March 3, 2010, more than one year after the AEDPA statute of limitations expired. Petitioner's PCRA petition does not toll an already expired statute of limitations. See Long v. Wilson, 393 F.3d 390, 395 (3d Cir.2004) (petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, inter alia, "the limitations period had already run when it was filed").

Petitioner's second PCRA petition, filed on March 18, 2011, also was filed after the expiration of the AEDPA statute of limitations and, therefore, does not toll the statute of limitations. Petitioner's second PCRA petition was dismissed on May 2, 2012. Even providing Petitioner the benefit of this date to calculate the statute of limitations, his federal petition is still untimely by almost two years. Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

**B.**     **Equitable Tolling**

We must next examine whether the AEDPA statute of limitations should be equitably tolled to consider the petition timely filed. Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir.2002), cert. denied, 540 U.S. 826, 124 S.Ct. 48, 157 L.Ed.2d 49 (2003)(citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617–618 (3d Cir.1998). The limitation period may be tolled when the principles of equity would make the rigid application of a limitation period unfair. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)("Now, like all 11 Courts of Appeals that have considered the question, we hold that §2254(d) is subject to equitable tolling in appropriate cases."); Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir.2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

To be entitled to equitable tolling, [Petitioner] must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace, 544 U.S. at 418); Lawrence v. Florida, 549 U.S. 327, (2007) (quoting id.). Courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir.1999). In fact, the United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir.1998).

To the extent that Petitioner believes that he is entitled to equitable tolling under Martinez v. Ryan, 132 S.Ct. 1309 (2012), the Supreme Court does not state in Martinez that a blanket allegation of the ineffectiveness of PCRA counsel can constitute a basis for equitable tolling of the habeas statute of limitations. The Martinez decision did not allow for equitable tolling of the AEDPA deadlines. See Capers v. Walsh, 2012 WL 5389513, at *4 (E.D. Pa. Oct. 5, 2012)(citing Martinez, 132 S.Ct. at 132 S.Ct. at 1315 (limiting decision to issue of whether there was cause for prisoner's procedural default on collateral review); Kingsberry v. Maryland, 2012 WL 2031991, at *1 (D.Md.

June 4, 2012) ("Martinez did not address equitable tolling in the context of ineffective assistance of counsel and provides no relief here."); and Peeples v. Citta, 2012 WL 1344819, at *6 n. 10 (D.N.J. Apr.16, 2012) (Martinez does not provide a basis for equitable tolling). See also Vogt v. Coleman, 2012 WL 2930871, at *4 (W.D. Pa. July 18, 2012) (collecting cases) and Stromberg v. Varano, 2012 WL 2849266, at *5 n. 37 (E.D. Pa. July 11, 2012)( "Martinez is not controlling in this case because the Court denied the petition as time-barred, not procedurally defaulted. Furthermore, the consideration of procedurally defaulted claims does not alleviate a petitioner's burden to overcome [the one-year] statute of limitations or to prove the merits of his case"). Martinez does not excuse Petitioner's failure to seek federal review of his claims in a timely fashion.

Petitioner does not identify any other possible basis for equitable tolling. None of the circumstances which warrant equitable tolling apply in this case to render the instant Petition timely because Petitioner did not act promptly to preserve his rights in this Court. Fahd, 240 F.3d at 244. Thus, he has failed to allege that some extraordinary circumstance prevented him from asserting his rights in a timely habeas corpus petition and has failed to demonstrate that he exercised reasonable diligence in investigating and bringing his claims. Merritt,

326 F.3d at 168.

In determining whether extraordinary circumstances exist to warrant the application of equitable tolling, this Court must also examine Petitioner's due diligence in pursuing the matter under the specific circumstances he faced. Traub v. Folio, No. 04–386, 2004 WL 2252115, at *2 (E.D. Pa. Oct.5, 2004) (citing Schleuter v. Varner, 384 F.3d 69 (3d Cir.2004)) (affirming dismissal of habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following his conviction before he sought relief). It is Petitioner's burden to show that he acted with reasonable diligence and that extraordinary circumstances caused his petition to be untimely. Id. Under the circumstances of this case, Mays fails to allege any steps that he took to timely file the instant federal habeas petition and was somehow prevented from timely filing. As such, Petitioner did not act in a reasonably diligent fashion. Accordingly, the petition is time-barred.

**III.     Certificate of Appealability**.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the

denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

### IV.  Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.

                                                    s/ *Malachy E. Mannion*
                                                    **MALACHY E. MANNION**
                                                    **United States District Judge**

**Date: December 22, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0827-01.wpd